SCHALL, Circuit Judge, dissenting.
I would affirm the grant of summary judgment of non-infringement. In my view, the district court correctly held that, during prosecution of the application that resulted in U.S. Patent No. 5,582,407 (“the ’407 patent”), the inventor disclaimed golf swing trainers having more than 10% club head weight.
Claim 1 of the ’407 patent describes a golf swing trainer with a shaft of “sol[i]d round stock, said trainer having a center of gravity substantially centered at a midpoint of a longitudinal axis of said length of round stock.” ’407 patent, col. 5, 11. 6-8. Claim 1 was rejected during prosecution as anticipated or obvious in view of U.S. Patent No. 3,231,281 (“the Wallo patent”). The inventor responded to the rejection by distinguishing the golf swing trainer disclosed by the Wallo patent as follows:
In Wallo, from 75 to 90% of the weight of the trainer is in the shaft, resulting in *985 from 10 to 25% of the weight being in the head of the trainer (col. 2, lines 18-24). The shaft is hollow (col. 2, lines 25-40). The overall weight of the trainer is such as to require a firmer grip, to strengthen the hands and to slow the swing (col. 2, lines 41-49). The down swing is resisted by the “excessive weight of the club” (col. 2, lines 58-59). The trainer causes “toning and strengthening of the muscles by swinging the excessive weight” (col. 2, lines 69-70). Unlike Wallo, applicant’s trainer has a solid shaft, uses no club head and substantially 100% of the trainer weight is non club head weight. A hollow device having 10-25% club head weight cannot meet the requirement in applicant’s claims that the center of gravity of the trainer be substantially at the center of a solid round stock. Furthermore, as explained above, and as set forth in greater detail in claim 11 and in even greater detail in claim 12 of the present application, the claimed weighting of applicant’s device is related to changing the memory and not the strength of the muscles involved in the swing and to changing the path of the swing due to balance rather than changing the speed of the swing due to weight. Applicant therefore submits that applicant’s present invention is neither anticipated by Wallo, which does not disclose the structure claimed by applicant, nor obvious over Wallo, which teaches an entirely different concept of golf swing training and is not applicable to the principles taught by applicant.
(emphasis added). Based on the above passage, the district court found that the inventor disclaimed trainers with a club head weight between 10-25% of the weight of the trainer because those trainers would not have a center of gravity substantially centered at the midpoint of the trainer’s shaft. Momentus Golf, Inc. v. Swingrite Golf Corp., 812 F.Supp.2d 1134, 1143 (S.D.Iowa 2004).
The majority concludes, however, that the above-quoted passage does not comprise a “clear and unmistakable disclaimer” of devices having 10-25% club head weight because the underlined portion of the passage can reasonably be interpreted as disclaiming golf swing trainers with a hollow shaft instead of disclaiming golf swing trainers with 10-25% club head weight. Majority Op. at 983-84. I am unable to read the passage as the majority reads it.
I read the underlined sentence of the passage as clearly and unmistakably disclaiming both (i) a device having 10-25% club head weight and also (ii) a device having a hollow shaft. The underlined sentence states, “A hollow device having 10-25% club head weight cannot meet the requirement in applicant’s claims that the center of gravity of the trainer be substantially at the center of a solid round stock.” (emphases added). The Wallo device differs, according to this key sentence, because it is (i) hollow rather than solid and (ii) has 10-25% club head weight as opposed to a center of gravity substantially at the center of the shaft. The remainder of the passage, it seems to me, confirms that the underlined sentence is making two distinct disclaimers. In the first sentence of the passage, the inventor sets forth the framework for the club head weight disclaimer by noting that the Wallo device has 10-25% of its weight in the club head. In the second sentence, the inventor states that the Wallo device has a hollow shaft. Thus, the inventor sets forth these two features of the Wallo device separately. The inventor then states that “[ujnlike Wallo, applicant's trainer has a solid shaft, uses no club head and substantially 100% of the trainer weight is non club head weight.” (emphases added). Again, the *986 composition of the shaft and the club head weight are set forth as separate features by the inventor. Thus, in my view, the key sentence and the surrounding passage clearly and unmistakably disclaim both devices with a hollow shaft and devices with 10-25% club head weight. I think that this is the only reasonable interpretation of the above passage. In short, I agree with the district court’s construction of “substantially centered,” which limited claim 1 of the ’407 patent to devices with less than 10% club head weight. I would thus affirm the grant of summary judgment of non-infringement. I therefore respectfully dissent.